# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-2916
_____

United States of America

*Plaintiff - Appellee*

v.

Courtney Marie Chicoine

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Western
_____

Submitted: May 8, 2023
Filed: August 4, 2023
[Unpublished]
_____

Before COLLOTON, WOLLMAN, and BENTON, Circuit Judges.
_____

PER CURIAM.

Courtney Marie Chicoine pleaded guilty to conspiracy to distribute 40 grams or more of a mixture or substance containing fentanyl, in violation of 21 U.S.C.

§§ 841(a)(1), 841(b)(1)(B), and 846. The district court[1] sentenced Chicoine to 180 months' imprisonment, varying downward from the U.S. Sentencing Guidelines range of 262 to 327 months' imprisonment.

Chicoine argues that the district court erred by increasing her offense level under Guidelines § 2D1.1(b)(12), which provides that "[i]f the defendant maintained a premises for the purpose of manufacturing or distributing a controlled substance, increase by 2 levels." She argues that application note 17 required the court to compare how frequently she used her residence for distribution of fentanyl against how frequently she used it for lawful purposes, which she claims the court did not do.[2] Chicoine maintains that fentanyl pills "have an extremely small footprint," so even though she was selling between 300 to 1,000 fentanyl pills from her home each week, she estimates that their weight was 30 to 100 grams or "at most a couple baggies." Appellant's Br. 14.

In United States v. Miller, we considered the application note's instruction "to compare the frequency of lawful and unlawful uses" when deciding whether the two-level increase applies. 698 F.3d 699, 707 (8th Cir. 2012). We explained that "[w]hen the premises in question was the defendant's family home, by definition it was used for that lawful purpose 100% of the time," but that the intent of § 2D1.1(b)(12) was "to deter the manufacture and distribution of illegal drugs in 'crack houses' where

---

[1] The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.

[2] Application note 17 states that when deciding whether manufacturing or distributing a controlled substance is one of the defendant's primary or principal uses for the premises, "the court should consider how frequently the premises was used by the defendant for manufacturing or distributing a controlled substance and how frequently the premises was used by the defendant for lawful purposes." U.S.S.G. § 2D1.1(b)(12) cmt. n.17.

children are being raised." Id. We concluded that the enhancement therefore applies "when a defendant uses the premises for the purpose of substantial drug-trafficking activities, even if the premises was also her family home." Id. The district court was well aware of our case law and that the premises here was Chicoine's family home, from which she engaged both in the regular activities of daily life and in substantial drug distribution. Our precedent does not require further comparison.[3]

The district court did not clearly err in finding that Chicoine maintained a premises for the purpose of distributing a controlled substance. That finding is supported by the undisputed evidence that Chicoine distributed hundreds of fentanyl pills each week and that she regularly stored the fentanyl within and distributed the fentanyl from her home. The size of the drug's "footprint" does not matter to our analysis.

The judgment is affirmed.

_____

---

[3]We are bound by Miller and thus reject Chicoine's argument that the case was wrongly decided. See Owsley v. Luebbers, 281 F.3d 687, 690 (8th Cir. 2002) (per curiam) ("It is a cardinal rule in our circuit that one panel is bound by the decision of a prior panel.").